UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

NADINE MCCURDY,
    Plaintiff

vs

COMMISSIONER OF
SOCIAL SECURITY,
    Defendant

Case No. 1:09-cv-470
(Barrett, J.; Hogan, M.J.)

**REPORT AND RECOMMENDATION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security (Commissioner) finding plaintiff was no longer entitled to Disability Insurance Benefits (DIB) as of May 1, 2004. This matter is before the Court on plaintiff's Statement of Errors (Doc. 6), the Commissioner's response in opposition (Doc. 13), and plaintiff's reply memorandum. (Doc. 16).

**PROCEDURAL BACKGROUND**

This case involves the termination of disability benefits. Plaintiff was previously found disabled with an onset date of disability of February 28, 1999. By decision dated April 28, 2000, the ALJ determined that as a result of severe mental impairments, including depression, a pain disorder, dysthymia, and a personality disorder, plaintiff had no useful ability to understand, remember and carry out complex job instructions and a serious

limitation in her ability to related to coworkers, deal with the public, use judgment, interact with supervisors, deal with work stresses, behave in an emotionally stable manner, related predictably in social situations, demonstrate reliability and understand, and remember and carry out detailed but not complex job instructions. (Tr. 29). In view of her age, high school education, past work experience as a nurse's aide, home health aide, assembler, janitorial worker and kitchen worker, and residual functional capacity, the ALJ determined that there was not a significant number of jobs in the national economy that plaintiff could perform and that plaintiff was disabled. (Tr. 29).

The Social Security Administration subsequently determined that plaintiff's disability ceased as of May 1, 2004. Plaintiff's request for reconsideration of this decision was denied. (Tr. 46-47). Plaintiff requested and was granted a hearing before ALJ Deborah Smith on November 8, 2008. (Tr. 64-65, 439-465). The ALJ determined that plaintiff experienced medical improvement, such that her impairments caused no more than a minimal impact on her ability to perform basic work activities, and that plaintiff no longer had a severe impairment. (Tr. 14a). The ALJ determined that plaintiff's disability ceased as of May 1, 2004. (Tr. 19). Plaintiff's request for review was denied by the Appeals Council. Therefore, the decision of the ALJ became the final decision of the Commissioner. (Tr. 5-8).

## APPLICABLE LAW

The following principles of law control resolution of the issues raised in this case. Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). The Court's review is limited to determining whether "the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial

evidence in the record." *Warner v. Commissioner of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (quoting *Walters v. Commissioner of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997)). *See also Longworth v. Commissioner Social Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). Under the substantial evidence standard, the Commissioner's findings must be upheld if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citing *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). In deciding whether the Commissioner's findings are supported by substantial evidence, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359 (6th Cir. 1978).

When, as here, the plaintiff challenges the cessation of disability benefits, the central issue is whether plaintiff's medical impairments have improved to the point where she is able to perform substantial gainful activity. 42 U.S.C. § 423(f)(1). Medical improvement is any decrease in the medical severity of an impairment and is calculated from "the most recent favorable decision" finding the recipient disabled. 20 C.F.R. § 404.1594(b)(1). There is no longer any presumption of continuing disability. *Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 286-287 n. 1 (6th Cir. 1994) (citing Social Security Disability Reform Act of 1984, § 2, Pub. L. 98-460, 98 Stat. 1794 (1984)). In determining whether a recipient's entitlement to disability benefits has ended, the Commissioner uses an eight-step sequential evaluation process. *See* 20 C.F.R. § 404.1594(f)(1)-(8); *see also Johnson v. Secretary of Health and Human Services*, 948 F.2d 989, 991 (6th Cir. 1991):

> (1) Is the recipient engaging in substantial gainful activity? If so, the recipient's disability will have ended;

(2) If the recipient is not working, do his impairments meet or equal a listed impairment? If so, his disability will be continued;

(3) If the recipient's impairments do not meet or equal a listed impairment, has there been any medical improvement in his impairments? If so, the analysis proceeds to step four; if not, it proceeds to step five;

(4) If there has been medical improvement, is it related to the recipient's ability to do work? If so, the analysis proceeds to step six, if not, it proceeds to step five;

(5) If there is no medical improvement, or if the improvement is unrelated to the recipient's ability to do work, does one of the exceptions to medical improvement apply? If not, the disability has continued; if so, the disability is ended;

(6) If medical improvement is related to the ability to do work, are the recipient's current impairments severe in combination? If not, the disability is deemed to have ended; if so, the analysis proceeds to step seven;

(7) If the recipient's impairments are severe, the SSA will assess his residual functional capacity and consider whether he can do his past work. If so, he will be found no longer disabled;

(8) If the recipient cannot do his past work, the SSA will consider whether the recipient can do other work given his residual functional capacity, age, education, and experience. If so, the disability will be found to have ended.

*See generally,* 20 C.F.R. § 404.1594(f).

## OPINION

In determining plaintiff's disability had ceased, the ALJ made the following findings:

1. The most recent favorable medical decision finding that the claimant was disabled is the decision dated April 28, 2000. This is known as the "comparison point decision" or CPD.

2. At the time of the CPD, the claimant had the following medically determinable impairments: dysthymia, depression, and a personality disorder. These impairments were found to result in the following residual functional capacity. She had no useful ability to understand, remember, and carry out complex job instructions, and serious limitation of her ability to relate to

4

coworkers, deal with the public, use judgment, interact with supervisors, deal with work stresses, behave in an emotionally stable manner, relate predictably in social situations, demonstrate reliability, and understand, remember and carry out detailed but not complex job instructions.

3. Through May 1, 2004, the date the claimant's disability ended, the claimant did not engage in substantial gainful activity (20 CFR 404.1594(f)(1)).

4. The medical evidence establishes that the claimant did not develop any additional impairment(s) after the CPD through May 1, 2004.

5. Since May 1, 2004, the claimant did not have an impairment or combination of impairments which met or medically equaled the severity of an impairment listed in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1525 and 404.1526).

6. Medical improvement occurred as of May 1, 2004 (20 CFR 404.1594(b)(1)).

7. As of May 1, 2004, the claimant's impairments in combination did not cause more than a minimal impact on the claimant's ability to perform basic work activities. Therefore, the claimant no longer had a severe impairment or combination of impairments (20 CFR 404.1521).

8. The claimant's disability ended as of May 1, 2004 (20 CFR 404.1594(f)(6)).

(Tr. 14-14a, 19).

Plaintiff contends that the ALJ failed to consider evidence establishing she had no medical improvement after her CPD and, as a result, she is entitled to a remand under Sentence Four of § 405(g).[1] In the alternative, plaintiff contends she is entitled to a Sentence Six remand[2] based on new and material evidence. For the reasons that follow, the Court

---

[1] Sentence Four of § 405(g) provides, "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."

[2] Sentence Six of § 405(g) provides in full:

The court may, on motion of the Secretary made for good cause shown before he files his answer,

determines that the decision of the ALJ is not supported by substantial evidence and should be reversed and remanded for further proceedings. In the alternative, the Court determines this matter should be remanded for further proceedings under Sentence Six of 42 U.S.C. § 405(g) based on new and material evidence.

First, plaintiff contends the ALJ erred in failing to consider additional evidence submitted after the administrative hearing, but prior to the ALJ's decision, which showed no medical improvement in plaintiff's mental functioning from the CPD. (Doc. 6, Exh. A). Dr. M. Douglas Reed examined plaintiff on November 19, 2008 and November 26, 2008. Dr. Reed conducted clinical interviews and testing, including administration of the MMPI-2. Plaintiff was diagnosed with Major Depression, Generalized Anxiety Disorder, and Schizotypal Personality Disorder. (Tr. 433). Dr. Reed opined that "[b]ecause of her numerous symptoms, she best fits the diagnosis of Schizoaffective Disorder: a combination of Bipolar Disorder and Cluster One traits of Schizophrenia." (Tr. 433). Dr. Reed stated that plaintiff's mental impairments affect her ability to work. (Tr. 435). Dr. Reed opined that plaintiff has marked limitations in her activities of daily living, social functioning, and ability to maintain concentration, persistence, and pace:

> Her illnesses do not prevent her from staying home as a recluse and attending to minimal activities of daily living. She is <u>obviously, redundantly, and demonstrably</u> unable to maintain effective, normal, adaptive, healthy social

---

remand the case to the Secretary for further action by the Secretary, and it may at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Secretary shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm his findings of fact or his decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based.

> functioning outside of her own restrictive home environment. Her concentration is intermittent, with MARKED difficulties in maintaining concentration, persistence or pace. If unsettling thoughts intrude into her mind, she is likely to shut down, tune out, be inattentive, and causes errors.

(Tr. 435) (emphasis in the original). Dr. Reed also reported that plaintiff has repeated episodes of decompensation:

> She regularly, daily, if not hourly, has intrusive thoughts and moods that negatively affect her behavior which decompensates. She could cause harm, if matters she is supposed to attend to are ignored because she is tuned inward to her own thoughts and/or moods.

(Tr. 435).

Plaintiff argues that Dr. Reed's report establishes that plaintiff did not experience medical improvement in her mental functioning. Plaintiff contends the ALJ erred by not considering or incorporating Dr. Reed's report in her decision and, as a result, the ALJ's decision is not supported by substantial evidence.

The Commissioner states that Dr. Reed's November 2008 psychological report was not faxed to the ALJ by plaintiff until December 11, 2008, after the ALJ hearing was held and five days before the ALJ's December 16, 2008 decision. The Commissioner contends that because there were only three business days between the submission of Dr. Reed's report to the ALJ and the ALJ's decision, it is not clear whether the report actually reached the ALJ prior to the issuance of the decision. (Doc. 13 at 8).

The Commissioner further contends that Dr. Reed's report cannot be considered by the Court in its substantial evidence review. Plaintiff submitted Dr. Reed's report to the Appeals Council when she requested review of the ALJ's decision. However, the Appeals Council declined review of the ALJ's decision. Under these circumstances, the ALJ's decision is the

7

final decision of the Commissioner and plaintiff's additional evidence was not part of the record on which the Commissioner's decision was based. Therefore, in assessing whether the ALJ's decision is supported by substantial evidence, the Commissioner argues that the Court is limited to the record before the ALJ, which does not include Dr. Reed's report.

The Commissioner is correct that in determining whether the ALJ's decision is supported by substantial evidence this Court is limited to the evidence before the ALJ, and not that presented to the Appeals Council, because the Appeals Council denied plaintiff's request for review. *See Casey v. Sec.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Thus, the initial issue before the Court is what evidence is included in the "administrative record" before the ALJ.

Plaintiff submits evidence showing that Dr. Reed's report was successfully transmitted by facsimile to the ALJ five days before the ALJ rendered her decision in this case. (Doc. 6, Exh. A). The Commissioner states that the ALJ may not have actually received the report. However, this is speculation on the part of the Commissioner and the converse is as likely to be true. The ALJ could have received the report, but for whatever reason chosen not to incorporate the report into her decision. Given the evidence before the Court showing that Dr. Reed's report was successfully sent by fax five days prior to the issuance of the ALJ's decision, the Court finds the record before the ALJ necessarily included Dr. Reed's November 2008 report. Because the ALJ's decision neither mentions nor considers this report, the ALJ's decision finding plaintiff experienced medical improvement and had no severe impairments is not based on the record as a whole. *See Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985). The ALJ erred when she made factual decisions without considering the contrary report of Dr. Reed. *See Ellis v. Schweiker*, 739 F.2d 245, 249 (6th Cir. 1984) ("It is improper to base a

decision on one single piece of evidence and to disregard other pertinent evidence."). Therefore, the ALJ's decision is not supported by substantial evidence and should be reversed and remanded under Sentence Four of Section 405(g) for consideration of Dr. Reed's report.[3]

In the alternative, assuming that Dr. Reed's report was not part of the administrative record before the ALJ, the Court recommends this matter be remanded under Sentence Six of Section 405(g) on the basis of the new and material evidence presented by plaintiff.

A claimant may seek a remand so that evidence presented to the Appeals Council can be considered by the ALJ. *Cline v. Commissioner of Social Security*, 96 F.3d 146, 148 (6th Cir. 1996). "The district court can . . . remand the case for further administrative proceedings in light of the [Appeals Council] evidence, if a claimant shows that the evidence is new and material, and that there was good cause for not presenting it in the prior proceeding." *Id.* Evidence is "new" if it was not in existence or available to the claimant at the time of the administrative proceeding. *See Sullivan v. Finkelstein,* 496 U.S. 617, 626 (1990); *Foster v. Halter,* 279 F.3d 348, 357 (6th Cir. 2001). Evidence is considered "material" if "there is a reasonable probability that the [Commissioner] would have reached a different disposition of the disability claim if presented with the new evidence." *Foster,* 279 F.3d at 357 (citations and internal quotation marks omitted). *See also Sizemore v. Secretary*, 865 F.2d 709, 711 (6th Cir. 1988). To show "good cause" the moving party must present a valid justification for failing to

---

[3] The Court also notes that it is incumbent upon the ALJ to ask the claimant and representative if they have any additional evidence to submit before closing the hearing. *See* Hearings, Appeals and Litigation Law Manual of the Social Security Administration (HALLEX) I-2-6-78. *See also Bowie v. Commissioner*, 539 F.3d 395, 399 (6th Cir. 2008)(while not binding on the court, the HALLEX offers procedural guidance which may be considered). Had the ALJ inquired at the close of the hearing whether plaintiff had additional evidence to submit, or had plaintiff's attorney requested that the record remain open, this matter may have been avoided altogether.

acquire and present the evidence in the prior administrative proceeding. *Foster*, 279 F.3d at 357. *See also Oliver v. Secretary of H.H.S.*, 804 F.2d 964, 966 (6th Cir. 1986); *Willis v. Secretary of H.H.S.*, 727 F.2d 551, 554 (6th Cir. 1984).

Here, Dr. Reed's report is new because it did not exist prior to the administrative hearing and was never reviewed by the ALJ. *See Clark v. Commissioner of Social Sec.*, Case No. 1:08-cv-70, 2009 WL 1546355, at *4 (S.D. Ohio May 28, 2009). The evidence is also material because it directly bears on the issue of medical improvement in this case. The limitations reported by Dr. Reed in his assessment are more severe than those listed in the non-examining state agency psychologist's report (Tr. 195) upon which the ALJ relied for her hypothetical question to the vocational expert. (Tr. 18, 160, 195). Moreover, had the ALJ reviewed Dr. Reed's report, which assessed plaintiff as markedly limited in her ability to maintain concentration, persistence, and pace and which noted plaintiff experienced multiple episodes of decompensation, it is reasonably probable that the ALJ would have found plaintiff did not experience medical improvement and that she suffered from a severe mental impairment. *See Sizemore*, 865 F.2d at 711.

Finally, good cause exists for a remand. The November 2008 report by Dr. Reed was not available at the ALJ hearing. *See Fazio v. Heckler*, 750 F.2d 541, 542-543 (6th Cir. 1984) ("'Good cause' exists because this evidence was simply not available at the ALJ hearing.") (citing *Wilson v. Secretary of Health and Human Services*, 733 F.2d 1181, 1182-83 (6th Cir. 1984)). In addition, as explained by counsel for plaintiff, plaintiff's poverty and confusion about her Social Security case delayed counsel's ability to effectively communicate with plaintiff and assess the need for an updated psychological evaluation. (Doc. 16 at 3-4). Also,

following the initial appointment with plaintiff on November 18, 2008, Dr. Reed concluded an additional examination on November 26, 2008 was warranted which further delayed the issuance of his report. When counsel finally received the report from Dr. Reed on December 10, 2008, she promptly faxed the report to the ALJ on December 11, 2008, prior to the ALJ's decision date. (Doc. 16 at 4; *see also* Doc. 6, Exh. A). Plaintiff has presented a valid justification for not acquiring and presenting Dr. Reed's report in the prior administrative hearing. Therefore, this matter is appropriate for a remand under Sentence Six of Section 405(g).

Accordingly, it is recommended that this matter be reversed and remanded under Sentence Four of Section 405(g) for consideration of Dr. Reed's November 2008 report on the issue of whether plaintiff's disability ceased effective May 1, 2004. In the alternative, it is recommended that this matter be remanded under Sentence Six of Section 405(g) for consideration of the new and material evidence submitted by plaintiff.

### IT IS THEREFORE RECOMMENDED THAT:

1. The decision of the Commissioner be **REVERSED** and **REMANDED** for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g).

2. In the alternative, that this matter be **REMANDED** for further proceedings under Sentence Six of 42 U.S.C. § 405(g).

Date: 6/28/10

Timothy S. Hogan
United States Magistrate Judge

11

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

NADINE MCCURDY,
    Plaintiff

vs                                                            Case No. 1:09-cv-470
                                                             (Barrett, J.; Hogan, M.J.)

COMMISSIONER OF
SOCIAL SECURITY,
    Defendant

NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO THIS R&R

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).